UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14CV80468

SECURITIES AND EXCHANGE COMMISSION,

　　　　　Plaintiff,

v.

JCS ENTERPRISES, INC., d/b/a JCS
ENTERPRISES SERVICES, INC., T.B.T.I. INC.,
JOSEPH SIGNORE, and PAUL SCHUMACK,

　　　　　Defendants.

UNDER SEAL



SA14MC0347

## AMENDED RECEIVERSHIP ORDER[1]

**WHEREAS** Plaintiff Securities and Exchange Commission has filed an emergency motion for the appointment of a Receiver for Defendants JCS Enterprises Inc., d/b/a JCS Enterprises Services Inc. ("JCS"), T.B.T.I. Inc., ("T.B.T.I."), Joseph Signore ("Signore"), and Paul Schumack ("Schumack") with full and exclusive power, duty and authority to: administer and manage the business affairs, funds, assets, choses in action and any other property of JCS, T.B.T.I., Signore, and Schumack; marshal and safeguard all of the assets of JCS, T.B.T.I., Signore, and Schumack and take whatever actions are necessary for the protection of the investors;

**WHEREAS,** the Commission has made a sufficient and proper showing in support of the relief requested by evidence demonstrating a *prima facie* case of

---

[1] This Order amends the previous Receivership Order (Sealed DE 18) to correct a scrivener's error on page two of that Order.

violations of the federal securities laws by Defendants JCS, T.B.T.I., Signore and Schumack;

**WHEREAS,** the Commission has submitted the credentials of a candidate to be appointed as Receiver of all of the assets, properties, books and records, and other items of JCS and T.B.T.I., including and properties, assets and other items in their names or their principals' names, and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court;

**IT IS THEREFORE ORDERED AND ADJUDGED** that **James D. Sallah, Esq.** is hereby appointed the Receiver for JCS and T.B.T.I., their subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to:

1. Take immediate possession of all property, assets and estates of every kind of JCS and T.B.T.I., whatsoever and whosesoever located belonging to or in the possession of JCS and T.B.T.I., including but not limited to all offices maintained by JCS and T.B.T.I., rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of JCS and T.B.T.I., wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2. Investigate the manner in which the affairs of JCS and T.B.T.I., were conducted and institute such actions and legal proceedings, for the benefit and on behalf

of JCS and T.B.T.I., and their investors and other creditors, as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from investors in JCS and T.B.T.I., including against JCS and T.B.T.I., their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in JCS and T.B.T.I.; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, *et. seq.* or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

    3.      Present to this Court a report reflecting the existence and value of the assets of JCS and T.B.T.I and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of JCS and T.B.T.I.;

    4.      Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of JCS and T.B.T.I., and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and

compensation;

5. Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service or a private security firm;

6. Defend, compromise or settle legal actions, including the instant proceeding, in which JCS and T.B.T.I. or the Receiver are a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where JCS and T.B.T.I. are nominal parties, as in certain foreclosure actions where the action does not effect a claim against or adversely affect the assets of JCS and T.B.T.I., the Receiver may file appropriate pleadings at the Receiver's discretion. The Receiver may waive any attorney-client or other privilege held by JCS and T.B.T.I.;

7. Assume control of, and be named as authorized signatory of, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of JCS and T.B.T.I. and, upon, order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

8. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties;

9. Have access to and review all mail of JCS and T.B.T.I. and the mail of Defendants Signore and Schumack (except for mail that appears on its face to be purely personal or attorney-client privileged) received at any office or address of JCS and T.B.T.I. All mail addressed to Signore, and Schumack that is opened by the Receiver and, upon inspection, is determined by the Receiver to be personal or attorney-client privileged, shall be promptly delivered to the addressee and the Receiver shall not retain any copy.

**IT IS FURTHER ORDERED** that, in connection with the appointment of the Receiver provided for above:

10. JCS and T.B.T.I. and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of JCS and T.B.T.I. shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of JCS and T.B.T.I.;

11. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, JCS and T.B.T.I. shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

12.     Unless authorized by JCS and T.B.T.I. and their principals shall take no action, nor purport to take any action, in the name of or on behalf of JCS and T.B.T.I.;

13.     Signore and Schumack, JCS and T.B.T.I., and their principals, respective officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, appearing for deposition testimony upon two (2) business days' notice (by facsimile), and producing documents upon two (2) business days' notice, while the Commission's request for a Preliminary Injunction is pending. JCS and T.B.T.I. and their principals, and respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

14.     The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by JCS and T.B.T.I.; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court;

15.     During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership

or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of JCS and T.B.T.I.;

16. The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to JCS and T.B.T.I.;

17. Title to all property, real or personal, all contracts, rights of action, and all books and records of JCS and T.B.T.I. and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

18. Upon request by the Receiver, any company providing telephone services to JCS and T.B.T.I. shall provide a reference of calls from any number presently assigned to JCS and T.B.T.I. to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

19. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the JCS and T.B.T.I. shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

20. The United States Postal Service is directed to provide any information requested by the Receiver regarding JCS and T.B.T.I., and to handle future deliveries of the mail of JCS and T.B.T.I. as directed by the Receiver;

21. No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

22. No bond shall be required in connection with the appointment of the

Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by JCS and T.B.T.I. or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

23. Service of this Order shall be sufficient if made upon JCS and T.B.T.I., and their principals by facsimile or overnight courier;

24. In the event that the Receiver discovers that funds of persons who have invested in JCS and T.B.T.I. have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds;

25. Immediately upon entry of this Order, the Receiver may take depositions upon oral examination of parties and non-parties subject to two (2) business days' notice. In addition, immediately upon entry of this Order, the Receiver shall be entitled to serve interrogatories, requests for the production of documents and requests for admissions. The parties shall respond to such discovery requests within two (2) business days of service. Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier. Depositions may be taken by telephone or other remote electronic means; and

26. This Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 7th day of April, 2014.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By
Date   APR   Deputy Clerk